<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH CLARK, <br><br> Plaintiff, <br><br> v. <br><br> WYNDHAM HOTELS AND RESORTS, <br><br> Defendant. | No. 24cv10836 (EP) (SDA) <br><br> **OPINION** |

**PADIN, District Judge.**

*Pro se* Plaintiff Joseph Clark, a "Diamond" status member with Defendant Wyndham Hotels and Resorts' ("Wyndham" or "Defendant") Wyndham Rewards program, alleges that Wyndham failed to provide him free upgrades and welcome amenities promised to him as a Diamond member.[1]  D.E. 1 ("Complaint" or "Compl."). Plaintiff asserts the following counts: Breach of Contract (Count I), violation of the New Jersey Consumer Fraud Act ("NJCFA")[2] (Count II), Fraud (Count III), False Advertisement (Count IV), and Negligence (Count V).

Plaintiff seeks to proceed *in forma pauperis* ("IFP"). D.E. 1-1. Because Plaintiff demonstrates financial need, the Court will **GRANT** Plaintiff's IFP application. The Court must screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court will **DISMISS** the Complaint ***without prejudice*** for lack of subject matter jurisdiction.

---

[1] Plaintiff does not allege when these events took place.
[2] N.J. Stat. Ann. §§ 56:8-1 *et seq.*

I.   **LEGAL STANDARD**

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989).

When granting leave to proceed IFP, courts must examine whether the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or asserts a claim against a defendant immune from monetary relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[3] A complaint is frivolous under section 1915(e)(2)(B)(i) if it "lacks an arguable basis either in law or fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

Complaints may also be dismissed where they fail to state a claim, a standard identical to the one utilized for motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Rule 12(b)(6) standard to dismissal for failure to state claim under section 1915(e)(2)(B)). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 556.

---

[3] The Court's preliminary review pursuant to 28 U.S.C. § 1915 does not determine whether the allegations in the Complaint would survive a properly supported motion to dismiss filed by Defendants after service. *See Richardson v. Cascade Skating Rink*, No. 19-8935, 2020 WL 7383188, at *2 (D.N.J. Dec. 16, 2020) ("[T]his Court recognizes [a] § 1915(e) screening determination is a preliminary and interlocutory holding, subject to revision at any time prior to entry of final judgment.") (internal quotation marks omitted).

A *pro se* plaintiff's complaint must be liberally construed. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Additionally, when construing a *pro se* plaintiff's complaint, the court will "apply the relevant legal principle even when the complaint has failed to name it." *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

The court also has the authority to examine subject matter jurisdiction *sua sponte*. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). The party commencing the action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## II.    ANALYSIS

### A.    The Court Will Grant Plaintiff's IFP Application

Having reviewed Plaintiff's IFP application, the Court determines that Plaintiff "establish[ed] that he is unable to pay the costs of his suit." *Walker*, 886 F.2d at 601. Therefore, the Court will **GRANT** Plaintiff's IFP application.[4]

---

[4] Plaintiff declares that, in addition to a 2002 Chevrolet Impala, he has $1.51 to his name, has zero income, and is currently homeless. D.E. 1-1. The Court notes that Plaintiff's fortunes appear to have changed dramatically since allegedly spending tens of thousands of dollars on hotel stays to achieve Diamond status in the Wyndham Rewards program. The Court can envision a variety of hypothetical reasons why this could have happened, but Plaintiff does not explain this tension in his Complaint. The Court currently lacks any concrete basis to question the veracity of Plaintiff's IFP application but acknowledges the tension between the application and the Complaint.

3

B.  **Plaintiff Fails to Satisfy Rule 9(b)'s Heightened Pleading Standard Applicable to Counts II-IV**

For claims sounding in fraud, Federal Rule of Civil Procedure 9(b) mandates a heightened pleading standard requiring a plaintiff to "state with particularity the circumstances constituting fraud . . . ." "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Rule 9(b) applies to common law fraud claims and claims under the NJCFA. *See id.* (applying Rule 9(b) to NJCFA claims); *G&F Graphic Servs. v. Graphic Innovators, Inc.*, 18 F. Supp. 3d 583, 593-94 (D.N.J. 2014) (applying Rule 9(b) to a common law fraud in the inducement claim).[5]

The Court construes Plaintiff's fraud claim as a claim for fraud in the inducement. To state a fraud in the inducement claim, a plaintiff must establish: "(1) a material representation of a presently existing or past fact; (2) made with knowledge of its falsity; and (3) with the intention that the other party rely thereof; (4) resulting in reliance by that party; (5) to his detriment." *RNC Sys. v. Modern Tech. Group, Inc.*, 861 F. Supp. 2d 436, 451 (D.N.J. 2012) (internal citations omitted). The misrepresentations alleged must be "*extraneous* to the parties' contract." *Montclair State Univ. v. Oracle USA, Inc.*, No. 11-2867, 2012 WL 3647427, at *4 (D.N.J. Aug. 23, 2012) (emphasis in original). "[I]f a party makes a promise, contracts to perform it, and then fails to do so, such failure to perform is merely a breach of contract," *Jacobsen Diamond Ctr., LLC v. ADT Security Servs., Inc.*, No. A-1578-14T1, 2016 WL 3766236, at *9 (N.J. App. Div. July 15, 2016).

Plaintiff fails to allege what specific extra-contractual statements were false or misleading, when such statements were made, and where they were made. *See generally* Compl. Absent such

---

[5] The Court is unaware of a common law claim for "false advertisement" applicable to the facts alleged and construes Count IV as asserting a common law fraud claim.

4

specificity, Plaintiff cannot satisfy Rule 9(b)'s heightened pleading standard and therefore does not adequately allege Fraud/False Advertisement or a violation of the NJCFA. *See Frederico*, 507 F.3d at 200.

    **C.**    **Plaintiff Fails to Allege a Negligence Claim**

Plaintiff attempts to allege a negligence claim in Count V. Compl. at 5. However, "a tort remedy does not arise from a contractual relationship unless the breaching party owes an independent duty imposed by law." *Saltiel v. GSI Consultants, Inc.*, 170 N.J. 297, 316 (2002). The Court is unable to discern any duty owed to Plaintiff that is independent of the duties that arose under the alleged contract. Therefore, Plaintiff does not allege a negligence claim.

    **D.**    **Plaintiff Fails to Satisfy the Amount in Controversy Requirement For the Sole Remaining Count—Breach of Contract (Count I)—Leaving the Court Without Subject Matter Jurisdiction Over This Case**

While it appears that Plaintiff likely states a claim for Breach of Contract, *see Frederico*, 507 F.3d at 203, this Court is without subject matter jurisdiction to hear that claim.

Under 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and where there is complete geographic diversity between the parties. The amount in controversy is determined by looking to the face of the well-pleaded complaint. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

Plaintiff alleges that his economic damages, exclusive of his non-economic and punitive damages, are $19,500.00, even including a multiplier for a violation of the NJCFA, which this Court has found is not adequately alleged. Compl. at 5. Plaintiff also alleges non-economic emotional harm damages of $80,000 and punitive damages of $100,000, but such damages are unavailable for a breach of contract claim. *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1194 (3d Cir. 1993) (holding that punitive damages are not recoverable under New Jersey law for breach

5

of contract); *Skylapa v. Mortg. Elec. Registration Sys., Inc.*, 655 F. Supp. 2d 451, 461 (D.N.J. 2009) ("[I]t is axiomatic that a plaintiff may not recover for emotional distress caused by a defendant's alleged breach of contract."). Therefore, Plaintiff fails to satisfy Section 1332's amount in controversy requirement and this Court lacks jurisdiction to hear the only cause of action that could survive screening—breach of contract.

### III. CONCLUSION

For the foregoing reasons, the Court will **GRANT** Plaintiff's IFP application and **DISMISS** the Complaint *without prejudice* for lack of subject matter jurisdiction. The Court will allow plaintiff **45 days** to file an amended complaint that cures the deficiencies set forth herein. Alternatively, Plaintiff may choose to pursue his claims in state court where the amount in controversy requirement is absent.

Dated: January 15, 2025

_____
Evelyn Padin, U.S.D.J.